CARLOS IGARTÚA ECHEVARRÍA, Plaintiff and Appellant, *v.*
ANTONIO RUIZ YANIS, Defendant and Appellee.

No. 11499. Argued March 2, 1955.—Decided June 26, 1956.

*Juan B. Soto* for appellant. *Héctor Reichard* for appellee.

MR. JUSTICE BELAVAL delivered the opinion of the Court.

By public deed No. 301 of September 16, 1943, executed before Héctor Reichard, a notary of Aguadilla, Susana Duprey Gayá leased to Antonio Ruiz Yanis a certain rural property, stating, among others, the following clauses: "the term of this lease contract shall be ten years, with an option for extension for another ten years, and it shall be effective on July first, nineteen hundred and forty-four and terminate on June thirty, nineteen hundred fifty-four; the aforesaid option for extension for another ten years as of July first, nineteen hundred fifty-four shall expire on June thirty, nineteen hundred and sixty-four"; "notwithstanding the provisions in connection with the lease contract and its extension, if at the expiration of the extension the lessee has sugar cane

pending to be cut in the land leased he shall continue in the enjoyment of the property for only such time as he may need to gather his crop and only as to the land planted, using as a basis for computing the rental during the extended period, the same rent stipulated in the contract"; "it is expressly agreed that this lease contract shall be entered in the books of the Registry of Property of Aguadilla." The contract was recorded in the Registry of Property of Aguadilla. When the lessor died, her son Luis Pretel Duprey inherited a two-thirds condominium which he subsequently sold to Carlos Igartúa Echevarría, plaintiff herein. All these transfers of title were prior to the expiration of the original term of the lease contract, which, as we have seen, expired June 30, 1954.

On March 8, 1954, that is, before the expiration of the original term, Antonio Ruiz Yanis, lessee and defendant here, notified the purchaser of the leased property, plaintiff herein, that he had decided to avail himself of the option for extension stipulated in the contract. Plaintiff answered that he did not consent to the extension, asking him to vacate the property. The lessee did not vacate the property, whereupon the purchaser filed the present unlawful detainer action in the Superior Court of Puerto Rico.

At the hearing in the Superior Court, the plaintiff, through his counsel, in stating his theory of the case, alleged, in brief, that an option for extension does not prejudice third parties because it is a personal and not a real right and it cannot be exercised against the subsequent purchaser of the leased property; that in this respect the option for extension was the same as a promise of sale, a promise to renew if the other party so wished; that like a promise of sale, the option for extension was not recordable because it was a personal and not a real right and that if it has been recorded, as here, such registration does not affect third parties such as the purchaser, plaintiff herein; that the option for exten-

sion was not accepted by the lessee when the original contract was executed but that he accepted it when a third party had already acquired it (Tr. Ev. 12–13). The case was submitted on the questions of law.

The trial court did not agree with the propositions of law advanced in plaintiff's theory and dismissed the unlawful detainer on the following grounds: (1) a recorded lease contract is a real right which prejudices third parties; (2) the extension of a lease contract, at the lessee's option, is not contrary to law, nor to morals, nor to public order, it is a part of the consideration of the contract and cannot be separated from the lease contract; (3) the subsequent purchasers as well as the lessors must respect the lessee's right while the term of extension of the lease is in force.

On appeal, the appellant produces the same theory he raised before the lower court, that is (1) that an option for extension of a lease contract is a personal right and does not prevail against a subsequent purchaser of leased property; (2) that an option for extension of a lease contract is like a promise of sale, a personal right, and therefore, is not recordable; (3) that the option for extension was accepted not when the contract with the original lessor was executed, but subsequently, when a third party had already acquired the property and, therefore, it is not binding on the subsequent purchaser.

The law applicable to the case at bar is § 1439 of the Civil Code of Puerto Rico—31 L.P.R.A. 325, § 4034—which provides: "With regard to third persons, leases of real property, which are not duly recorded in the registry of property, shall be of no effect"; § 1461 of that Code—31 L.P.R.A. 344, § 4068—which provides: "The purchaser of a leased estate has a right to terminate the lease in force at the time of making the sale, unless the contrary is stipulated, and the provisions of the Mortgage Law prevent; If the purchaser should make use of this right, the lessee may demand that

he be permitted to gather the fruits of the crop corresponding to the current agricultural year and that he be indemnified by the vendor for the losses and damages he may have suffered"; § 2 of the Mortgage Law—30 L.P.R.A. 625–626, § 2 —which provides: "The following shall be recorded in the registries mentioned in the preceding section: . . . Fifth. Contracts for the lease of real property for a term exceeding six years, or contracts under which rental for three or more years has been paid in advance, or contracts which do not have either of these conditions, but contain a special agreement between the parties that they be recorded"; § 30 of the Regulation for Execution of Mortgage Law—30 L.P.R.A. 18, § 860—which provides: "The provisions of the fifth paragraph of article 2 of the law regarding the record of lease contracts, shall also apply to contracts of sublease, subrogations, assignments and reassignments of leases, provided the circumstances mentioned in said paragraph are attendant; however in such cases a new record shall not be made, but a marginal entry opposite the record already made of the original lease."

■ As to the first point concerning the proposition that an option for extension in a lease contract is a personal and not a real right affecting third parties, the appellant is not correct. It is true that in the past there has been wide discussion as to the personal or real nature of the lease contract. But later, a distinction was made between recorded and unrecorded lease contracts, the former being granted "specific real effects (effective protection of the lessee as against a new purchaser, right of redemption of the lease by virtue of registration, etc.")—IV–II—Puig Peña, *Tratado de Derecho Civil Español* 194 (*Editorial Revista de Derecho Privado,* 1951 Ed.) ; 4 Castán, *Derecho Civil Español Común y Foral* 242–244 (Seventh edition of the Instituto Editorial Reus, 1952) ; 3 Roca Sastre, *Derecho Hipotecario* 49 (Casa Editorial Bosch, 1948 Ed.). Incidentally, in the cases of recorded

lease contracts the real effects are against the subsequent purchasers of the leased property. This, of course, in addition to the express provision of § 1439 of our Civil Code, which states that only leases of real property not recorded in the registry shall be of no effect with regard to third persons.

 As to the second point concerning the proposition that an option for extension of a lease contract is the same as a promise to sell, and therefore, a personal and unrecordable right, the appellant is wrong. It is unquestionable that in this contract the word option was used in a grammatical sense, as an ordinary term employed in the notarial practice to designate the freedom or power to choose. Assuming, without deciding, that the term "option" was used as a precontract or preliminary contract, it is unquestionable that we cannot compare the juridical effects of an option which is characteristically unilateral, with those of a promise to sell which is characteristically bilateral: Judgment of the Supreme Court of Spain, March 23, 1945—See also the note of Antonio Hernández Gil on this Judgment, 180 *Revista General de Legislación y Jurisprudencia*, 622 *et seq.* (Instituto Editorial Reus, 1946 Ed.) ; Judgment of the Supreme Court of Spain, January 18, 1947. As to an option for extension of a lease contract, since the extension is part of the contract, the same is recordable pursuant to § 2, par. 5 of the Mortgage Law of Puerto Rico.

 As to the third point concerning the proposition that the option for extension was not accepted when the contract with the original lessor was executed, but subsequently, when a third party had already acquired it and, hence it is not binding on the subsequent purchaser of the property, the appellant is mistaken. We have already seen that the contract of option is a unilateral contract which may be exercised at the sole will of the optionee. It is likewise unquestionable that an extension of a lease contract which has

460

been recorded has all the characteristics of a real right; Judgment of May 19, 1952, of the Supreme Court of Spain.

The other error assigned concerning the imposition of costs and attorney's fees is without merit.

The judgment of the lower court will be affirmed.